IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERREL PINNOCK,<br><br>      Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a LABCORP & LABORATORY CORPORATION OF AMERICA d/b/a LABCORP,<br><br>      Defendant. | Case No. 3:25-CV-30125-KAR |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Laboratory Corporation of America Holdings and Laboratory Corporation of America (collectively, "**Defendants**"), by and through their undersigned counsel, by way of Answer to the Complaint of Plaintiff, Sherrel Pinnock ("**Plaintiff**"), in response to the separately numbered paragraphs thereof, hereby respond as follows. Defendants deny each and every allegation not specifically admitted herein:

## PRELIMINARY STATEMENT

Plaintiff brings this lawsuit against Laboratory Corporation of America Holdings and Laboratory Corporation of America. For purposes of this Answer only, Defendants are answering each allegation jointly. Defendants' answers to the allegations in the Complaint in no way serve as an admission of joint liability or to joint employer status. Defendants explicitly and expressly deny any and all joint liability and that they were joint employers of Plaintiff.

## AS TO "INTRODUCTION"

1. Defendants admit only that Plaintiff brings this action against Defendants for purported "sexual harassment, gender and sex discrimination, hostile work environment,

retaliation, negligent retention, and vicarious liability for employee conduct, pursuant to federal and state law." Except as so stated, Defendants deny the allegations in the "Introduction" section of the Complaint, and further deny that Defendants engaged in any legal wrongdoing against Plaintiff.

## AS TO "PARTIES"

2. Defendants admit only that, upon information and belief, Plaintiff is a natural person and resident of Hampden County, Massachusetts. Except as so stated, Defendants deny the allegations in Paragraph 1 of the Complaint.

3. Defendants admit only that Laboratory Corporation of America Holdings is incorporated in the State of Delaware and maintains a principal place of business at 531 South Spring Street, Burlington, NC 27215. Except as so stated, Defendants deny the allegations in Paragraph 2 of the Complaint.

4. Defendants admit only that Laboratory Corporation of America is incorporated in the State of Delaware and maintains a principal place of business at 531 South Spring Street, Burlington, NC 27215. Except as so stated, Defendants deny the allegations in Paragraph 3 of the Complaint.

5. Defendants deny the allegations in Paragraph 4 of the Complaint.

## AS TO "JURISDICTION"

6. The allegations in Paragraph 5 of the Complaint call for a legal conclusion, to which no response is required and, therefore, the allegations are denied.

7. The allegations in Paragraph 6 of the Complaint call for a legal conclusion, to which no response is required and, therefore, the allegations are denied.

8. The allegations in Paragraph 7 of the Complaint call for a legal conclusion, to which no response is required and, therefore, the allegations are denied.

## AS TO "VENUE"

9. The allegations in Paragraph 8 of the Complaint call for a legal conclusion, to which no response is required and, therefore, the allegations are denied. Defendants further deny that they engaged in any legal wrongdoing against Plaintiff.

## AS TO "FACTS COMMON TO ALL COUNTS"

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and, therefore, deny same.

11. Defendants lack knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and, therefore, deny same.

12. Defendants admit only that, at the time of the acquisition, Plaintiff was employed by Baystate Health Incorporated and, following the acquisition, was hired by Labcorp as a Patient Service Technician. Except as so stated, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint and, therefore, deny same.

13. Defendants admit only that Plaintiff's supervisor was Ebonee Ganious. Except as so stated, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint and, therefore, deny same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint and, therefore, deny same.

15. The allegations in Paragraph 14 of the Complaint call for a legal conclusion, to which no response is required and, therefore, the allegations are denied.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint and, therefore, deny same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and, therefore, deny same.

18. Defendants deny the allegations in Paragraph 17 of the Complaint.

19. Defendants deny the allegations in Paragraph 18 of the Complaint.

20. Defendants deny the allegations in Paragraph 19 of the Complaint.

21. Defendants deny the allegations in Paragraph 20 of the Complaint.

22. Defendants deny the allegations in Paragraph 21 of the Complaint.

23. Defendants deny the allegations in Paragraph 22 of the Complaint.

24. Defendants deny the allegations in Paragraph 23 of the Complaint.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and, therefore, deny same.

26. Defendants deny the allegations in Paragraph 25 of the Complaint.

27. Defendants deny the allegations in Paragraph 26 of the Complaint.

28. Defendants admit the allegations in Paragraph 27 of the Complaint.

29. Defendants admit only that: (i) on April 8, 2024, Plaintiff reported to her supervisor, Ebonee Ganious, that Sanjiv Kumar had allegedly engaged in sexual misconduct toward her; (ii) Ms. Ganious, among other things, notified her Regional Manager, Nikki Serrato, of Plaintiff's report and requested that Plaintiff draft and email a written statement of the purported events, which Plaintiff did; and (iii) following Plaintiff's report, Sanjiv Kumar was placed on a leave of absence pending the outcome of Defendants' investigation into Plaintiff's report. Except as so stated, Defendants deny the allegations in Paragraph 28 of the Complaint.

30. Defendants deny the allegations in Paragraph 29 of the Complaint.

31. Defendants deny the allegations in Paragraph 30 of the Complaint.

32. Defendants admit only that Cindy Davis, Employe Relations, spoke with Plaintiff regarding Plaintiff's complaint against Sanjiv Kumar, as part of her investigation into the matter. Except as so stated, Defendants deny the allegations in Paragraph 31 of the Complaint.

33. Defendants deny the allegations in Paragraph 32 of the Complaint.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and, therefore, deny same.

35. Defendants deny the allegations in Paragraph 34 of the Complaint.

36. The allegations in Paragraph 35 of the Complaint refer to a letter of resignation. Defendants, therefore, respectfully refer the Court to the letter for its content and effect and deny all allegations inconsistent therewith. Defendants further deny that they committed any legal wrongdoing against Plaintiff.

37. Defendants deny the allegations in Paragraph 36 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

**AS TO COUNT 1**
**Plaintiff v. Defendants**
<u>**Title VII – Sex/Gender Discrimination**</u>

38. Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–36 of the Complaint as though fully set forth herein.

39. Defendants deny the allegations in Paragraph 38 of the Complaint.

40. Defendants deny the allegations in Paragraph 39 of the Complaint.

41. Defendants admit only that Plaintiff reported to her supervisor that Sanjiv Kumar, a male employee, allegedly engaged in sexual misconduct toward her. Except as so stated, Defendants deny the allegations in Paragraph 40 of the Complaint.

42. Defendants deny the allegations in Paragraph 41 of the Complaint.

43. Defendants deny the allegations in Paragraph 42 of the Complaint.

44. Defendants deny the allegations in Paragraph 43 of the Complaint.

45. Defendants deny the allegations in Paragraph 44 of the Complaint, and further deny that Kumar has or had "predatory and sexual behavior."

46. Defendants deny the allegations in Paragraph 45 of the Complaint.

47. Defendants deny the allegations in Paragraph 46 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

48. Defendants deny the allegations in the "WHEREFORE" clause of Count 1 in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

## AS TO COUNT 2
### Plaintiff v. Defendants
### Title VII – Hostile Work Enviornment

49. Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–46 of the Complaint as though fully set forth herein.

50. Defendants admit only that Plaintiff reported to her supervisor that Sanjiv Kumar, a male employee, allegedly engaged in sexual misconduct toward her. Except as so stated, Defendants deny the allegations in Paragraph 48 of the Complaint.

51. Defendants deny the allegations in Paragraph 49 of the Complaint.

52. Defendants deny the allegations in Paragraph 50 of the Complaint.

53. Defendants deny the allegations in Paragraph 51 of the Complaint.

54. Defendants admit only that Plaintiff voluntarily resigned from her employment with Labcorp. Except as so stated, Defendants deny the allegations in Paragraph 52 of the Complaint.

55. Defendants deny the allegations in the "WHEREFORE" clause of Count 2 in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 3**
**Plaintiff v. Defendants**
<u>**Title VII – Sexual Harassment**</u>

56. Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–52 of the Complaint as though fully set forth herein.

57. Defendants deny the allegations in Paragraph 54 of the Complaint, and further deny that they engaged in any legal wrongdoing toward Plaintiff.

58. Defendants admit only that Plaintiff reported to her supervisor that Sanjiv Kumar, a male employee, allegedly engaged in sexual misconduct toward her. Except as so stated, Defendants deny the allegations in Paragraph 55 of the Complaint.

59. Defendants deny the allegations in Paragraph 56 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

60. Defendants deny the allegations in Paragraph 57 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

61. Defendants deny the allegations in the "WHEREFORE" clause of Count 3 in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 4**
**Plaintiff v. Defendants**
<u>**Title VII – Retaliation**</u>

62.     Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–57 of the Complaint as though fully set forth herein.

63.     Defendants deny the allegations in Paragraph 59 of the Complaint, and further deny that they committed any legal wrongdoing toward Plaintiff.

64.     Defendants deny the allegations in Paragraph 60 of the Complaint.

65.     Defendants deny the allegations in Paragraph 61 of the Complaint.

66.     Defendants deny the allegations in Paragraph 62 of the Complaint.

67.     Defendants deny the allegations in Paragraph 63 of the Complaint.

68.     Defendants deny the allegations in Paragraph 64 of the Complaint.

69.     Defendants deny the allegations in Paragraph 65 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

70.     Defendants deny the allegations in the "WHEREFORE" clause of Count 4 in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 5**
**Plaintiff v. Defendants**
<u>**Title VII – Vicarious Liability**</u>

71.     Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–65 of the Complaint as though fully set forth herein.

72.     The allegations in Paragraph 67 of the Complaint call for a legal conclusion, to which no response is required and, therefore, the allegations are denied.

73.     Defendants deny the allegations in the "WHEREFORE" clause of Count 5 in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 6 (incorrectly labeled in the Complaint as "Count 5")**
**Plaintiff v. Defendants**
**M.G.L.c. 151B – Sex/Gender Discrimination**

74. Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–67 of the Complaint as though fully set forth herein.

75. Defendants deny the allegations in Paragraph 69 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

76. Defendants deny the allegations in the "WHEREFORE" clause of Count 6 (incorrectly labeled as "Count 5") in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 7 (incorrectly labeled in the Complaint as "Count 6")**
**Plaintiff v. Defendants**
**M.G.L.c. 151B – Hostile Work Environment**

77. Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–69 of the Complaint as though fully set forth herein.

78. Defendants deny the allegations in Paragraph 71 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

79. Defendants deny the allegations in the "WHEREFORE" clause of Count 7 (incorrectly labeled as "Count 6") in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 8 (incorrectly labeled in the Complaint as "Count 7")**
**Plaintiff v. Defendants**
**MG.L.c. 151B – Sexual Harassment**

80.     Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–71 of the Complaint as though fully set forth herein.

81.     Defendants deny the allegations in Paragraph 73 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

82.     Defendants deny the allegations in the "WHEREFORE" clause of Count 8 (incorrectly labeled as "Count 7") in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 9 (incorrectly labeled in the Complaint as "Count 8")**
**Plaintiff v. Defendants**
**M.G.L.c. 151B - Retaliation**

83.     Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–73 of the Complaint as though fully set forth herein.

84.     Defendants deny the allegations in Paragraph 75 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

85.     Defendants deny the allegations in the "WHEREFORE" clause of Count 9 (incorrectly labeled as "Count 8") in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 10 (incorrectly labeled in the Complaint as "Count 9")**
**Plaintiff v. Defendants**
**Vicarious Liability**

86.     Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–75 of the Complaint as though fully set forth herein.

87.     The allegations in Paragraph 77 of the Complaint call for a legal conclusion, to which no response is required and, therefore, the allegations are denied.

88.     Defendants deny the allegations in the "WHEREFORE" clause of Count 10 (incorrectly labeled as "Count 9") in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

**AS FOR COUNT 11 (incorrectly labeled in the Complaint as "Count 10")**
**Plaintiff v. Defendants**
**<u>Negligent Retention</u>**

89.     Defendants hereby incorporate by reference their answers and responses to Paragraphs 1–77 of the Complaint as though fully set forth herein.

90.     Defendants deny the allegations in Paragraph 79 of the Complaint, and further deny that Sanjiv Kumar "had a propensity for predatory and sexual behavior against women."

91.     Defendants deny the allegations in Paragraph 80 of the Complaint, and further deny that Sanjiv Kumar "had a proponseity for predatory and sexual behavior against women" and that this this "known" by Defendants.

92.     Defendants deny the allegations in Paragraph 81 of the Complaint, and further deny that "other female employees complained about his predatory and sexual behavior."

93.     The allegations in Paragraph 82 of the Complaint call for a legal conclusion, to which no response is required, and, therefore, the allegations in Paragraph 82 of the Complaint are denied. To the extent that the allegations in Paragraph 82 of the Complaint are factual, they are denied.

94.     Defendants deny the allegations in Paragraph 83 of the Complaint.

95.     Defendants deny the allegations in Paragraph 84 of the Complaint, and further deny that they committed any legal wrongdoing against Plaintiff.

96. Defendants deny the allegations in the "WHEREFORE" clause of Count 11 (incorrectly labeled as "Count 10") in the Complaint, and further deny that Plaintiff is entitled to any relief or damages whatsoever.

## DEMAND FOR JURY TRIAL

97. Defendants acknowledge that Plaintiff has demanded a trial by jury, but deny that this case calls for a jury trial or any trial whatsoever.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses and without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendants state as follows and reserve the right to assert additional defenses or claims which may become known during the course of discovery:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver, estoppel, laches, and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to satisfy all conditions precedent to bringing the instant action. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies prior to asserting some or all of the claims in the instant action.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory, harassing, or retaliatory behavior. To the extent that Plaintiff did not report conduct that Plaintiff perceived to be discriminatory, harassing, or retaliatory, Plaintiff unreasonably failed to take advantage of Defendants' preventative or corrective opportunities or to otherwise avoid harm, and Plaintiff cannot now recover on claims related to such conduct.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed, in whole or part, to mitigate her alleged damages, Plaintiff is barred from recovering damages in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendants, if any, with respect to Plaintiff's employment or the terms and conditions thereof, were based upon legitimate, non-discriminatory, non-retaliatory business reasons, were taken without regard to sex or complaints on Plaintiff's part, and are not pretextual.

**EIGHTH AFFIRMATIVE DEFENSE**

All actions taken by Defendants were justified, reasonable, taken in good faith, and without any improper motive, purpose, or means, and without any hatred, ill will, or intent to injure. Defendants aver that they had reasonable grounds for believing their actions were not in violation of any law. Defendants further aver that any conduct alleged to be violative of federal or state laws was contrary to Defendants' efforts and cannot serve to justify or support punitive damage liability upon Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or damages are barred on the grounds that, even if any decision

concerning Plaintiff was based, in part, on grounds of unlawful discrimination, harassment, and/or retaliation, which is not the case, Defendants would have reached the same decision, absent any alleged discrimination, harassment, and/or retaliation.

## TENTH AFFIRMATIVE DEFENSE

Defendants have made good faith efforts to prevent discrimination, harassment, and retaliation in the workforce. Therefore, to the extent that the challenged employment decisions were contrary to Defendants' efforts to comply with anti-discrimination, anti-harassment, and anti-retaliation statutes, Defendants cannot be liable for the decisions of their agents or for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any of the injuries, losses, and damages alleged in Plaintiff's Complaint, then said injuries, losses, and damages were a direct and proximate result of Plaintiff's own negligence or contributory conduct.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred inasmuch as if Plaintiff were to prevail in the above-captioned matter, Plaintiff would be unjustly enriched.

## THIRTEENTH AFFIRMATIVE DEFENSE

Acts of alleged discrimination, harassment, or retaliation not included within a properly filed timely employment discrimination charge are barred as a matter of law and not actionable. To the extent Plaintiff's claims differ from or exceed the scope of the charge of discrimination that she filed with the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination, they fail to state a claim upon which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Without admitting any of the allegations contained in the Complaint, Defendants aver that to the extent that the Complaint, and each alleged cause of action therein, seeks punitive or exemplary damages, it violates Defendants' rights to procedural and substantive due process and the Defendants' rights to protection from "excessive fines" as provided in the Fourteenth, Fourth and Eighth Amendments to the United States Constitution and the parallel provisions of the Constitution of the State of Massachusetts and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

## FIFTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of North America v. Gore*, 116 U.S. 1589 (1996).

## SIXTEENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were not caused by any action, conduct, behavior, or incidents for which Defendants are or could be liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants cannot be held liable for the actions of their employees that Defendants neither authorized nor ratified.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Faragher-Ellerth* defense. No adverse employment action was taken against Plaintiff as a result of alleged harassment, Defendants exercised reasonable care to correct and prevent any allegedly harassing behavior, and

Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that Defendants provided.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries or damages were not the result of any departure from the generally accepted standard of care on the part of Defendants, and, therefore, Defendants are in no way liable to Plaintiff for the matters alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by Plaintiff as a result of the matters alleged in the Complaint, which are expressly denied, were caused and occasioned by events over which Defendants had no control or right of control, thereby relieving Defendants from any liability or responsibility therein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants violated no duty, which is owed to Plaintiff for which Plaintiff is entitled to relief in the form of damages.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they reserve the right to assert and do not waive any additional or further defenses as may be revealed upon amendment to the Complaint, discovery, or otherwise, and reserve the right to amend their Answer to assert any such defenses.

WHEREFORE, Defendants demand judgment in their favor and respectfully request the Court to:

(1) dismiss Plaintiff's Complaint in its entirety, and with prejudice;

(2) award Defendants all of their legally recoverable costs, fees, and expenses incurred in defending this case; and

(3) grant Defendants such further relief that the Court deems appropriate.

Dated: August 12, 2025                            **K&L GATES LLP**

<ins>*/s/ Natalya R. Minoff*</ins>
Natalya R. Minoff
Mark D. Pomfret
1 Congress Street, Suite 2900
Boston, MA  02114-2023
Telephone: (617) 261-3147
Facsimile: (617) 261-3175
Email: Natalya.Minoff@klgates.com
Email: Mark.Pomfret@klgates.com

*Attorneys for Defendants*
*Laboratory Corporation of America Holdings*
*and Laboratory Corporation of America*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused a true and correct copy of the foregoing document to be served using the CM/ECF system upon the person listed below this 12th day of August, 2025:

>Alexander Sneirson
>Sneirson Law Firm
>75 Market Place, Suite 100
>Springfield, MA  01103
>Telephone:  (413) 750-8008
>Email:  alexander@sneirsonlawfirm.com


>*/s/ Natalya R. Minoff*
>Natalya R. Minoff
>K&L Gates LLP
>1 Congress Street, Suite 2900
>Boston, MA  02114-2023
>Telephone: (617) 261-3147
>Facsimile: (617) 261-3175
>Email: Natalya.Minoff@klgates.com